ALLEN, Respondent, vs. THE NEWS PUBLISHING COMPANY, Appellant.

*December 19, 1891 — January 12, 1892.*

*Libel: Malice of corporation publishing newspaper.*

1. Defendant published an article headed, "Was he man or woman?" in which it was stated that a *post mortem* examination of plaintiff's husband showed that he possessed both male and female organs. The plaintiff having demanded a retraction, defendant published a second article, headed "He was a man! At least his wife says he was. Doctors are doubtful." In this article it was stated that the plaintiff said "she had not the least doubt — that there was not the least question — that her late husband was a perfectly formed man, with all masculine powers." *Held,* that the second article was libelous *per se.*

2. The malice of the editor of a newspaper in composing a libelous article for publication therein is the malice of the corporation owning and publishing the paper.

APPEAL from the Superior Court of *Milwaukee* County. Action to recover damages for an alleged libel. At the time the publication complained of was made, the defendant was a corporation, and the proprietor and publisher, in the city of Milwaukee, of a newspaper called the "Daily Review." In the issue of such newspaper of February 18, 1889, the defendant published an article headed, "Was he man or woman?" in which it was stated that one W. J. Allen was found dead in his bed on the preceding morning, and that, on a *post mortem* examination by two physicians, it was found that he "possessed both male and female organs in a remarkable state of development." On the following day the plaintiff, who is the widow of the deceased, Allen, went to the office of the defendant, and demanded of some officer or employee of the defendant a retraction of the above statement, which she pronounced a falsehood and a slander upon her deceased husband. On February 20th defendant published in the Review another

article, under the following headings: "*He was a man!
At* least his wife says he was. *Doctors are doubtful.*" It
is stated in the article that plaintiff called at the Review
office the day before to protest against the scandalous pub-
lication of the 18th about her husband, and especially the
heading, "Was he man or woman?" It is further stated
in such article that plaintiff there said "she had not the
least doubt — that there was not the least question — that
her late husband was a perfectly formed man, with all
masculine powers." The article contains no retraction of
the objectionable statements in the publication of Feb-
ruary 18th.

The libel alleged in the complaint is the publication of
February 20, 1889, although the publication of the 18th is
set out as explanatory thereof. The answer is, in substance,
that both publications are true; that the first was merely
a recital of what actually occurred and of disclosures made
at an inquest on the body of Allen; and that the article of
the 20th, except the headings thereto, was published at the
request of the plaintiff, and accords with her statements
made at the office of the Daily Review during the above-
mentioned interview.

A general demurrer to the complaint was interposed and
overruled. On the trial the court overruled a demurrer
*ore tenus* to the complaint, a motion for a nonsuit made at
the close of plaintiff's testimony, and a motion to direct
the jury to find for the defendant, made after the testi-
mony was all in. The court held that the article of Feb-
ruary 20th was libelous on its face, in that it tended to
expose the plaintiff to public contempt and ridicule, and
submitted to the jury to find whether plaintiff requested
defendant to publish the article, with the instruction that
if she did so she could not recover. The jury were also in-
structed that if they found for the plaintiff, and also found
that the publication was prompted by actual malice on the

part of the defendant, or if the defendant ratified or confirmed the malicious acts (if any) of its agents in the matter of the publication, they were at liberty to award exemplary or punitory damages,— the nature and office of which, as well as of compensatory damages, were correctly stated to the jury. The court directed the jury, if they found for plaintiff and awarded her exemplary damages, to find the amount thereof separately.

The jury returned a verdict for the plaintiff, and assessed $150 compensatory, and $100 exemplary, damages. A motion for a new trial was denied, and judgment entered pursuant to the verdict for the whole amount of damages thus assessed ($250), and for costs. The defendant appeals from the judgment.

*D. S. Rose,* of counsel, for the appellant.

For the respondent the cause was submitted on the brief of *Charles S. Carter.*

LYON, J. 1. The trial court held that the article of February 20th is libelous on its face, and for that reason overruled the demurrers to the complaint. We think the ruling was correct. A publication is libelous when it tends to expose the person concerning whom it is written to public contempt or ridicule, and is made without legal justification. The publication of February 20th represents the plaintiff, not only as protesting to defendant's officers or agents that the article of February 18th was a slander upon her dead husband and false, and as demanding a retraction thereof, but it also represents her as saying of him that " he was a man; " that " she had not the least doubt — that there was not the least question — that her late husband was a perfectly formed man, with all masculine powers," etc. It seems to us that it requires no argument to show that an article which charges that plaintiff not only denounced in general terms the article of February 18th as

false and a slander upon the memory of her late husband, and demanded a retraction thereof (which is all proper enough), but which also charges, in effect, that she went into particulars, and protested to the officers or agents of the defendant that the sexual organs of her late husband were perfectly formed, and that his virility and capacity for sexual duty was all that could be desired, is libelous. This is the plain, unmistakable purport of the language which the article imputes to the plaintiff, and if its tendency is not to expose her to public ridicule and contempt we cannot conceive of language which would have such tendency. The trial court held correctly that, if the publication of the article was unauthorized by the plaintiff, it is a libel upon her. Hence the demurrers to the complaint were properly overruled.

2. At the close of plaintiff's testimony defendant's counsel moved for a nonsuit on the ground that the article of February 20th was published at the request of plaintiff. The court held that the plaintiff's testimony failed to show that she requested the publication of that article, but showed only that she denounced it as false, and demanded a retraction thereof, and that the article complained of was not such retraction. Consequently the court denied the motion. The ruling was undoubtedly correct. It may be here stated that the question whether plaintiff requested the publication of the article complained of was submitted to the jury, and the jury found, upon sufficient proof, that she did not.

3. At the close of the testimony defendant's counsel moved the court to direct a verdict for defendant. The motion was denied. Enough has already been said to demonstrate that it was properly denied.

4. Several instructions were proposed on behalf of defendant, based upon the hypothesis that the action is predicated upon the article of February 18th. But it is not; and hence the court properly refused to give the proposed

instructions.   All proper instructions proposed were substantially given.

5. The court instructed the jury that they were at liberty to award exemplary damages if they found for plaintiff and found also that the publication was prompted by actual malice or ill will on the part of defendant towards the plaintiff.   It is now claimed that such damages are not recoverable, because such malice or ill will is not charged in the complaint.   If such is the rule, which, to say the least, is very doubtful, we think malice is sufficiently charged in the complaint.   It charges that the publication is false, scandalous, and defamatory; that the editor of the Daily Review maliciously composed it for publication, and the defendant published it.   The defendant is a corporation, and must act through agents.   The editor of the Review was its authorized agent to compose articles for, and to publish the same in, the Review.   The act of the editor in respect to this publication was the act of the corporation, and his malice is the malice of the corporation.   So, on any theory of the law, the malice of defendant is sufficiently averred.   The testimony supports the award of exemplary damages.

We perceive no valid reason for disturbing the judgment; hence it must be affirmed.

*By the Court.*— Judgment affirmed.